IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| NORTH BEACH, L.L.C., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FIRST AMERICAN TITLE ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> ) | CASE NO. CV410-191 |

O R D E R

Before the Court is Defendant First American Title Insurance Company's Motion for Summary Judgment. (Doc. 14.) For the following reasons, Plaintiff North Beach, L.L.C.'s complaint is **DISMISSED** for lack of subject matter jurisdiction. As a result, Defendant's motion is **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

BACKGROUND

This case stems from a dispute concerning the scope of coverage provided by a title insurance policy issued by Defendant. The property, located on Tybee Island, Georgia, is covered by two identical title insurance policies. (Doc. 21 at 3.) Defendant issued both policies: one assigned to the lender, First National Bank, and one in Plaintiff's name as the owner. (Doc. 21 at 3.)

Plaintiff purchased the insured property in March of 2008. (Doc. 21 at 1.) According to Plaintiff, it performed environmental testing to determine the property's water quality. (Id. at 2.) While the testing did not reveal water quality issues, Plaintiff discovered contamination on the property in November of 2009, eventually learning that the property had previously been used as an unregulated landfill. (Id.) Plaintiff contends that it would be neither practically nor economically feasible to remediate the property. (Id. at 3.) As a result, the property's market value is far less than the $4,000,000 purchase price paid by Plaintiff.

On July 2, 2010, Plaintiff filed its complaint in the State Court of Bryan County. (Doc. 1, Ex. A.) In the complaint, Plaintiff has alleged that it sustained a loss under the title insurance policy because the property is uninhabitable, rendering title to the property unmarketable. As relief, Plaintiff requests actual and compensatory damages "commensurate with the financial harm imposed upon it by Defendant's breach of contract." (Id., Ex. A ¶ 12.) On August 18, 2010, Defendant removed the case to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332.

On June 8, 2011, Defendant filed its Motion for Summary Judgment. (Doc. 14.) In support of the motion, Defendant argues that the insurance policies at issue cover losses related to claims of title to the property, not casualty losses based on the property's poor environmental quality. (Doc. 16 at 3-7.) In addition, Defendant contends that the loss sustained by Plaintiff is a subsequent event not covered under the policy. In its response, Plaintiff reasons that the policy covers this loss because the title to the property is unmarketable due to the fact that the property cannot be sold to a reasonable purchaser or mortgaged to a person of reasonable prudence. (Doc. 21 at 5.) In addition, Plaintiff claims that there is a covered loss under the policy because the existing water and sewer lines were installed in violation of Georgia Environmental Protection Department regulations. (Id. at 6-7.) Finally, Plaintiff avers that there are no exceptions to coverage for its loss. (Id. at 7-11.)

## ANALYSIS

While the Court harbors serious doubts concerning the viability of Plaintiff's claim under these title insurance policies in light of the Georgia Court of Appeal's decision in Chi. Title Ins. Co. v. Investguard, Ltd, 215 Ga. App.

121, 449 S.E.2d 681 (1994),[1] the Court is unable to address the merits of Plaintiff's claim at this time because it is not yet ripe for adjudication. Article III of the United States Constitution grants federal courts jurisdiction over actual cases or controversies. Swann v. Sec'y, Ga., ___ F.3d ___, 2012 WL 300399, at *3 (11th Cir. 2012). The Court must determine whether " 'there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court.' " In re Jacks, 642 F.3d 1323, 1332 (11th Cir. 2011) (quoting Cheffer v. Reno, 55 F.3d 1517, 1524 (11th Cir. 1995)). Requiring adjudication of ripe issues "prevent[s] the courts, through avoidance of

---

[1] In Chicago Title, the insurer sought a declaratory judgment that the location of part of the insured property within a flood plain did not render the property's title unmarketable. 215 Ga. App. at 122, 449 S.E.2d at 682. The Georgia Court of Appeals determined that defects in the physical condition of property are not covered by title insurance policies because they do not render the title unmarketable. Id., 449 S.E.2d at 682-83. Importantly, that court expressly rejected the insured's argument that the title was unmarketable because the flood plain substantially affected the property's market value, stating that "[a]lthough location of part of the property in a flood plain may affect its market value, it does not affect the marketability of title to the property." Id.

4

premature adjudication, from entangling themselves in abstract disagreements." Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967). To determine whether a claim is ripe for review, the Court looks at "(1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." Id.

In this case, Plaintiff has not established the presence of an actual case or controversy. It appears that Plaintiff, who is seeking only money damages and not any declaratory relief, bases Defendant's liability on its purported breach of contract by not covering the losses under the policy. Indeed, this is the only theory Plaintiff can have for recovery because to allege that Defendant was actually responsible for the reduction in value would be absurd. In its Statement of Material Facts, however, Defendant alleges that no claim was ever made on the policy. (Doc. 15 ¶ 13.) Surprisingly, Plaintiff admits the truth of this allegation. (Doc. 22 ¶ 13.) The policy itself requires that Plaintiff, as claimant, promptly notify Defendant of any claim under the policy. (Doc. 14, Ex. D at 11.) A review of the record, along with Plaintiff's own admissions, shows no indication that Plaintiff ever filed a claim under the policy.

5

In actuality, then, Plaintiff is requesting that the Court issue an advisory opinion that Defendant would be responsible under the title insurance policy for Plaintiff's loss in the event that Plaintiff files the appropriate claim. In other words, Plaintiff is seeking to impose liability for breach of contract where it has not even asked Defendant to perform its contractual obligations. Such a set of facts does not place a ripe case or controversy before the Court for adjudication.[2] See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1377 (11th Cir. 1997) (dismissing claims brought by plaintiffs for breach of contract because plaintiffs never made claim for and, as a result, insurer never denied coverage). Accordingly, the Court finds that it currently lacks subject matter jurisdiction to entertain this claim and Plaintiff's complaint must be **DISMISSED**. As a result, Defendant's motion for Summary Judgment is **DISMISSED AS MOOT**.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction. As a

---

[2] While Plaintiff could have sought a declaratory judgment that its loss is covered under the policy, that relief was not requested in its complaint. Plaintiff only requested that Defendant compensate it for any loss suffered as a result of Defendant's purported breach of contract.

result, Defendant's Motion for Summary Judgment is **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 20th day of March 2012.

*/s/ William T. Moore, Jr.*
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA